### CHARLES CAFFIN *v.* A. POLLARD.

The proceedings under the 11th section of the act of 10th February, 1841, before the
court to which all the suits and claims against the property of a debtor have been
transferred, where a conflict of privileges has arisen between different creditors, are
in the nature of a *concurso,* in which all the parties are plaintiffs and defendants.
Where a particular claim has been opposed by one creditor, it is for the benefit of all
the others.  The evidence introduced by an opposing creditor may be used by the
rest; and they will be bound by that introduced in favor of the claim so opposed.  A
creditor cannot take advantage of part of the evidence of another opponent, and
reject the answers to interrogatories drawn from the creditor whose claim is opposed.
Each opponent may introduce further evidence, but that spread upon the record
cannot be divided.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.
*Labarre* and *Derbigny,* for the plaintiff.
*Lavergne,* curator *ad hoc,* for the defendant.
*Greiner,* for the appellants.

MORPHY, J.  The defendant having absconded, some time in
November, 1842, Charles Caffin sued out of the lower court an
order of provisional seizure, claiming $3116 62, for the rent of
a house at the corner of Chartres and Custom-House streets.  Of
this amount, he alleged that $1166 62 was then actually due

and unpaid, for the months of April, May, June, July, August, September and October preceding, and that the balance was for a lease of the same premises to A. Pollard, for twelve months, to be computed from the 1st of November, 1842. A curator *ad hoc* was appointed to the absent defendant, and, on evidence satisfactory to the court, there was a judgment in favor of the plaintiff for the amount claimed. Several seizures and attachments having been previously levied upon the goods abandoned by the defendant in his store, under writs issuing from the City Court, the claims of the respective parties were transferred to the court below, to be there ranked according to their rights and privileges, pursuant to the act approved, February 10th, 1841. John Bragon, one of the creditors, having a vendor's privilege on a portion of the goods, filed an opposition to the claim of Caffin, averring that various payments had been made on account of the rent by him claimed, for which no credit had been given; he propounded interrogatories upon facts and articles, in answer to which Caffin stated, under oath, that he had received no notes or bills receivable from Pollard for rent, from April to November, 1842, but that in May of that year, A. Pollard borrowed from him a sum of $800, for which he gave him his bond payable on demand; that being unable to return the amount when demanded of him, Pollard offered him his two notes for $400, each dated the 1st June, 1842, and payable at two and four months, which notes, having been accepted, were paid at maturity in the Bank of Louisiana. On the 28th of January, 1843, and in support of his opposition to Caffin's claim, Bragon introduced two witnesses, who were examined in open court, and whose testimony was reduced to writing. On a subsequent day, to wit, on the 11th of February following, when the several claims brought before the court were about to be tried, Norman, Steel & Co., Taylor, Hart & Co., and Stow & Stewart, other creditors of Pollard, filed to Caffin's claim another opposition, entirely similar to that of Bragon. After hearing all the parties, the judge below allowed the full amount claimed for house rent, and settled the rank and privileges of the other claimants according to the evidence before him. From this judgment the last mentioned opposing creditors appealed.

Their counsel has drawn our attention to a bill of exceptions taken to the opinion of the judge, who decided that if the appellants wished to avail themselves of the testimony previously taken on the opposition of Bragon, in support of their own, they were bound to admit with it Caffin's answers to the interrogatories put to him by Bragon, which formed a part of the evidence in the case. It does not appear to us that the judge erred. In suits of this kind, which are in the nature of a *concurso*, all the parties are plaintiffs and defendants. Where a particular claim is opposed by one creditor of an absconding or insolvent debtor, it is for the benefit of all the other creditors, interested in defeating it. The evidence given against it by the opposing creditor, may be used by the others, who, in like manner, are bound by that adduced in support of it. By making another and unnecessary opposition at the moment of the trial, the appellants could not avail themselves of one part of the evidence in the suit, and reject the other. They might have offered additional evidence in support of their opposition, but they could not divide that spread upon the record, if they wished to use it.

On the merits, the evidence does not show any payments to have been made by Pollard. It is *hearsay* testimony in part, and raises but a presumption that the two notes paid at the Bank of Louisiana were given for house rent. This presumption is entirely destroyed by the appellee's answers to the interrogatories put to him.

*Judgment affirmed.*